**UNITED STATES, Appellee,**

v.

**Private E–1 Zachary A. BRUCE, SSN 569–33–6728, United States Army, Appellant.**

**SPCM 19885.**

U.S. Army Court of Military Review.

30 Aug. 1984.

Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Thomas J. Benjamin, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, appellant was convicted of being absent without authority

and of disobeying an order imposing restriction, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 892. His approved sentence provides for a bad-conduct discharge.

While on excess leave, appellant fell into a concrete ditch, severely injuring his head. The accident left appellant with "relatively mild," but permanent, brain damage. He was hospitalized for several months and is now undergoing speech therapy as an outpatient. His doctor feels appellant "has made a good recovery" and while he "is left with some residual speech and comprehension difficulties," he "is able to read and write at a level which is functional for most activities of life."

Because of his condition, appellant has moved that we abate this appellate proceeding and dismiss all charges against him. In the alternative, appellant has requested we order an examination of him by a sanity board, presumably to provide an expert determination of whether he has sufficient mental capacity to "meaningfully participate" in his appeal. We deny both motions.

 An accused must be mentally capable of understanding the review proceedings before his conviction can be affirmed by this Court. Paragraph 124, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Korzeniewski,* 7 U.S.C.M.A. 314, 22 C.M.R. 104 (1956); *United States v. Bledsoe,* 16 M.J. 977, 980 (A.F.C.M.R.1983). The phrase "understanding the review proceedings" is, of necessity, construed broadly. The appellant need not grasp the legal complexities on which his appeal is based, just as he need not be knowledgeable in "matter involving legal questions" to be able to assist in his defense at the trial level. *United States v. Martinez,* 12 M.J. 801, 808 (N.M.C.M.R. 1981).

Appellant's doctor reports that appellant has the ability to "think rationally" and has suffered no memory loss of the time period of the offenses or of the court-martial. This evidence submitted by the appellant satisfies us that he is sufficiently capable of both understanding and assisting counsel in the appeal of his case. We have no need, therefore, for a sanity board determination of his mental capacity.

We have considered the issue personally raised by appellant and those issues briefed by his counsel and found them to be without merit. *United States v. Grostefon,* 12 M.J. 431 (1982).

The Court having found the approved findings of guilty and the sentence correct in law and fact, and having determined on the basis of the entire record that they should be approved, such findings of guilty and the sentence are *AFFIRMED.*

Senior Judge MARDEN and Judge PAULEY concur.